**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| HDC HOLDINGS II, LLC, *et al.*,[1] | Case No.  24-12307 (TMH) |
| | (Jointly Administered) |
| Debtors. | |
| | **Related D.I. 432 & 483** |

**ORDER GRANTING MOTION OF GARY B. LEUCHTMAN, ET AL.
FOR RELIEF FROM THE 11 U.S.C. § 362 AUTOMATIC STAY**

This matter having come before for Court upon the *Motion of Gary B. Leuchtman, et al. for Relief from the 11 U.S.C. § 362 Automatic Stay* (the "Motion")*,* and the Court having determined that modification of the automatic stay under these circumstances, and subject to the conditions of this Order, is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice was adequate and appropriate under the particular circumstances;  and the Court having considered any objections to the requested relief; and after due deliberation, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED, subject to the conditions set forth in this Order.

---

[1]      The Debtors in these chapter 7 cases, together with the last four digits of each Debtor's federal tax identification number, are: HDC Holdings II, LLC (2013); HDC Holdings III, LLC (3296); CCM Capital Assets, LLC (9451); Channel Control Merchants, LLC (3319); Dirt Cheap I, LLC (9433); CCM Support Services, LLC (2059); CCM Wholesale SE, LLC (7219); Channel Control Merchants of Texas, LLC (8091); Creative Sales Solutions, LLC (1691); Dirt Cheap Arkansas, LLC (0244); Dirt Cheap Building Supplies, LLC (0880); Dirt Cheap of Georgia, LLC (0269); Dirt Cheap of Louisiana, LLC (0067); Dirt Cheap SE, LLC (4928); Dirt Cheap Tennessee, LLC (1273); Treasure Hunt, LLC (9393); CCM Wholesale, LLC (7219); Channel Control Merchants of California, LLC (9011); and CAL Support Services, LLC (2859). The Debtors' headquarters are located at 6892 US Hwy 49 North, Hattiesburg, Mississippi 39402.

2.      The stay imposed by section 362(a) of the Bankruptcy Code is modified to allow Gary B. Leuchtman, as personal representative of the estate of Paris Browder, a deceased minor, as well as her parents and sister, Jessica Douglas, William Browder, and Penelope Browder (the "Movant") to prosecute the Movant's claims against the Debtors up to an including obtaining a final judgment and/or settlement and/or liquidation of her claim, if any.

3.      The Movant shall seek to collect upon any judgment or settlement against the Debtors solely from applicable insurance proceeds and/or providers. No collection or enforcement action may be asserted or realized against the Debtors, excepting only applicable insurance proceeds and/or providers.

4.      Nothing in this Order is intended to, or shall, affect any claims that the Movant has through the Debtors against their insurance providers or related parties, as well as any defenses and claims the Debtors or their insurers have against the Movant, which are unaffected by this Order and are expressly preserved.

5.      Nothing in this Order is intended to, or shall (i) alter, modify, or otherwise amend the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto or any claim services agreements (collectively, the "Insurance Contracts"); (ii) alter or modify the duty, if any, that any applicable insurer or third party administrator (each, an "Insurer" and together, the "Insurers") has to pay claims covered by any allegedly applicable Insurance Contracts; (iii) relieve the Debtors of any of their obligations under any allegedly applicable Insurance Contracts; (iv) create or enlarge, or restrict or diminish, any direct right of action of the Movant against any Insurers; or (v) preclude or limit, in any way, the rights of any Insurer to contest and/or litigate the existence, primacy and/or scope of available

coverage under any allegedly applicable Insurance Contract.  For the avoidance of doubt, the automatic stay is lifted, if and to the extent applicable, to allow, but not to require, any applicable Insurer to (a) administer, handle, defend, settle, and/or pay the Movant's claims (and any costs related thereto) subject to and in accordance with the terms of any applicable Insurance Contracts; and (b) draw on any and all collateral provided by or on behalf of the Debtors therefor if and when the Debtors fail to pay and/or reimburse any Insurer for any such amounts.

5.      This Order is effective immediately upon approval by the Court and is not subject to the fourteen-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

6.      This Court shall retain jurisdiction with regard to all matters arising out of or related to the implementation, interpretation, or enforcement of this Order.

**Dated: June 24th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

3