**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | Chapter 7 |
| | ) | |
| HDC HOLDINGS II, LLC, et al, | ) | Case No. 24-12307 (TMH) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related DI: 506, 514, 523, 524, 531** |

**ORDER AUTHORIZING AND DIRECTING ABANDONMENT OF ASSETS**

This matter coming to be heard upon: (1) that certain *Joint Motion of Hilco Trading, LLC and BMO Bank N.A. For Entry of an Order Compelling Abandonment of ERTC Estates' Interests in and to the ERTCs* [D.I. 506] (the "**Motion**")[1] filed jointly by Hilco Trading, LLC ("**Hilco**") and BMO Bank N.A., as Agent ("**BMO**," and together with Hilco, the "**Movants**"); and (2) that certain *Notice of Abandonment of Property* [D.I. 514] (the "**Notice of Abandonment**") filed by George Miller, in his capacity as chapter 7 trustee (the "**Trustee**") in the above-captioned, jointly administered bankruptcy cases (the "**Bankruptcy Cases**"), concerning, among other things, the abandonment of certain property of the Estates including, but not limited to, any interests of the estates of the ERTC Debtors[2] in and to rights to receive any and all refundable tax credits pursuant to the Coronavirus Aid, Relief, and Economic Security Act, on account of the Debtors' retention of employees and payment of certain payroll taxes on behalf of such employees during the Coronavirus pandemic, commonly known as Employee Retention Tax Credits (the "**ERTCs**"), including any proceeds thereof; and together with the Motion and all related briefing thereon, the

---

[1] Capitalized terms not otherwise defined shall have the meaning ascribed in the Motion or the Notice of Abandonment.

[2] The ERTC Debtors include:  CAL Support Services, LLC, CCM Support Services, LLC, Channel Control Merchants of Texas, LLC, Dirt Cheap I, LLC, Dirt Cheap Arkansas, LLC, Dirt Cheap Building Supplies, LLC, Dirt Cheap of Georgia, LLC, Dirt Cheap of Louisiana, LLC, Dirt Cheap SE, LLC, Dirt Cheap Tennessee, LLC, and Treasure Hunt, LLC (collectively, the "**ERTC Debtors**," and each of their estates, the "**ERTC Estates**").

"**ERTC Abandonment**"); the Court having jurisdiction to consider the ERTC Abandonment pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; and consideration of the ERTC Abandonment being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Motion and Notice of Abandonment having been provided; it appearing that no other or further notice need be provided; and the Court having found and determined that the relief set forth below is in the best interests of the ERTC Estates, their creditors and all parties in interest, and that the legal and factual bases set forth in the Motion and Notice of Abandonment establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **FOUND** that:

A.     Hilco, as Successor Agent, holds a first priority, perfected, non-avoidable lien and continuing security interest in the ERTCs (the "**Hilco Blanket Lien**");

B.     The Hilco Blanket Lien secures the claim of Hilco, arising from the ABL Balance, which exceeds the maximum value of the ERTCs and accordingly the ERTC Estates have no equity in the ERTCs;

C.     TopCo is the ultimate parent of each of the Debtors; and

D.     Hilco has designated TopCo as its agent for the purpose of performing the ERTC Liquidation Tasks.

It is hereby **ORDERED** that:

1.     The following interests in property and all proceeds thereof are hereby abandoned pursuant to section 554 of the Bankruptcy Code (the "**Abandonment**"):

a.  The ERTC Estates' interests in the ERTCs

b.  All Estates' interests in any Accounts Receivable; and

c.  All Estates' interest in any Intellectual Property.

2.      As a result of the Abandonment, neither the ERTC Estates nor the Trustee has any remaining right, title, or interest in the ERTCs or proceeds thereof.

3.      As a result of the Abandonment, all interests in the ERTCs or proceeds thereof are no longer vested in the ERTC Estates.

4.      To the extent the Trustee has received, or receives in the future, checks payable to any of the ERTC Debtors or the ERTC Estates arising from the ERTC's, the Trustee shall deliver such checks and/or remit all proceeds therefrom to TopCo after this Order becomes a final order.

5.      The provisions of notice to the parties set forth in the Motion are proper and sufficient under the circumstances, and the requirement of notice to any other parties as set forth in Bankruptcy Rule 6007, including, but not limited to, service of the Motion on all creditors has been satisfied or is otherwise dispensed with and waived.

6.      This Order is immediately effective upon its entry and is not stayed by operation of law notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(4).

7.      This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order.

*Thomas M. Horan*

Dated: November 7th, 2025          **THOMAS M. HORAN**
Wilmington, Delaware               **UNITED STATES BANKRUPTCY JUDGE**